BY THE COURT.
The arrangement between these heirs, that is urged as a nuncuj)ative will, has no legal efficacy as such. A nuncupative will is only good as to personalty. The agreement in-question embraced both real and personal estate. Independent of that consideration, this agreement has never been executed or proven according to the law allowing such wills.
Neither can the arrangement avail here as an unqualified acknowl *417 edgment of a debt, which can be enforced. If it were ''simply an acknowledgment, each party might assert the claim upon the estate; but such acknowledgments are opeu to explanation, which, in the case before us, would show the entries made for another purpose than to acknowledge a debt.
The remaining question calls upon us to decide, whether the agreement for the division of the estate is such as can be enforced in this court. It appears from the admission of the parties, and the proofs in the cause, that all interested in the estate of Williams assembled together after his death to settle and distribute it. Pope and wife disagreed to the adjustment of the father. A compromise followed, by which they agreed to receive a deed for ten acres of land, a pair of oxen worth forty or forty-five dollars, to cancel the account against them for about fifty dollars, and execute a release. The oxen were delivered, the account discharged, and they took possession of ten acres of land, and have ever since held it. A deed has been tendered to them, but they refuse a release. It appears *also, that a fair proportion of the estate would be about [408 three hundred dollars, and that the former advances of land, oxen and account would exceed that sum at least one hundred dollars. The contract is favorable to Pope and wife, who object; it is a conscionable bargain, and though in parol it has been partly executed, and, therefore, is not within the statute of frauds. It was a contract which Pope could legally make, so far as it regards the interest of his wife in the personal estate, and as to his life estate in the land which descended to his wife. In this state, a married woman’s interest in land can only be conveyed by a deed, in which she unites with her husband. She can make no other contract concerning it, that hás legal efficacy. The undertaking of Pope, in this case, is, therefore, limited to his own life estate in the realty, and to the entire interest in the personalty. He will be decreed to release to the complainants, and enjoined from proceeding in the partition. This will leave the wife’s interest in the realty, to be hereafter asserted as she may be advised, if she survive her husbaud.
The interest of Lewis is not so fully disclosed as to present it clear of suspicion, or to entitle it to our protection.
The case may go to a master to ascertain the damage to the complainants, in case Pope’s wife refuses to unite in the release, to re. port to the next term.